IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOY L. HODGSON,

    Plaintiff,

v.                                           Civil Action No. 5:05CV14
                                                                  (STAMP)

JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>ACCEPTING AND ADOPTING REPORT AND</u>**
**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I. <u>Background</u>

On February 3, 2006, Magistrate Judge John S. Kaull submitted a report and recommendation finding that the opinion of the Administrative Law Judge ("ALJ") was supported by substantial evidence, and indicating that the plaintiff's motion for summary judgment in the above-styled civil action be denied and that the defendant's motion for summary judgment be granted.

Upon submitting this report, Magistrate Judge Kaull informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff filed objections to the magistrate judge's report and recommendation on the following issues: (1) that the magistrate judge relied on post-hoc rationale; (2) that the magistrate judge ignored the plaintiff's argument that the ALJ

assumed that the plaintiff's first carpal tunnel syndrome release lasted six to eight months; (3) that the magistrate judge rejected the opinion of Dr. Brown; (4) that the magistrate judge and the ALJ erred in their analysis of the plaintiff's Global Assessment of Functioning ("GAF"); (5) that the magistrate judge erred in assessing the ALJ's treatment of Ms. Ice's notes and Dr. Reilly's report; (6) that the magistrate judge permitted the ALJ to reject the report of panic attacks; (7) that the magistrate judge found support in the ALJ's rejection of the plaintiff's credibility; (8) that the ALJ rejected the agency's opinion limiting the plaintiff to light work; (9) that the ALJ failed to consider "non severe" impairments; (10) that the magistrate judge allowed the ALJ to mention medical treatment without mentioning such treatment in the analysis section; (11) that the magistrate judge allowed the ALJ to give no weight to the cross-examination of the Vocational Expert ("VE").

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a <u>de novo</u> review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to <u>de novo</u> review is waived. See <u>Orpiano v. Johnson</u>, 687 F.2d 44,

47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979).

Accordingly, this Court reviews de novo the magistrate judge's findings to which the plaintiff has objected. All other findings of the magistrate judge are reviewed for clear error.

## II. Facts

On March 8, 2002, the plaintiff filed for Social Security Income following two previously unsuccessful applications in June 1994 and April 2001. Plaintiff's alleged disability beginning February 14, 2001, due to hepatitis C with enlarged liver and spleen, multiple joint pains, migraines, depression and anxiety attacks. The plaintiff's March 8, 2002 application was initially denied and again on reconsideration. Following a hearing on January 8, 2004, an ALJ denied benefits and on February 3, 2005, the Appeals Council denied plaintiff's request for review of the ALJ's decision.

## III. Legal Standards

A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of

3

drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'"  See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

B.  Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).  However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  Id. at 256.  "The

4

inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

IV. Discussion

As stated above, the plaintiff objects to the following issues: (1) post-hoc rationale; (2) carpal tunnel syndrome evaluation; (3) opinion of Dr. Brown; (4) plaintiff's GAF; (5) Ms.

5

Ice's notes and Dr. Reilly's report; (6) panic attacks; (7) plaintiff's credibility; (8) agency's opinion limiting the plaintiff to light work; (9) "non severe" impairments; (10) mention of medical treatment without mentioning such treatment in the analysis section; (11) weight given to the cross-examination of the VE. This Court addresses each of the objections in turn.

A.   Post-hoc Rationale

The plaintiff argues that the magistrate judge relied on post-hoc rationale to explain decisions made by the ALJ for which the plaintiff contends little or no explanation had been provided by the ALJ's opinion. This Court agrees that a reviewing court, when considering a determination which an administrative agency alone is authorized to make, "must judge the propriety of such actions solely by the grounds invoked by the agency." SEC v. Chenery Corp., 332 U.S. 194, 196 (1947). However, in reviewing the careful and detailed opinion of the ALJ in this case and considering the extensive report and recommendation of the magistrate judge, this Court finds that substantial evidence <u>articulated</u> by the ALJ's opinion supports the Commissioner's findings in this action. Specific examples to which the plaintiff objects are discussed below.

B.   Carpal Tunnel Syndrome Evaluation

The plaintiff concludes her argument regarding carpal tunnel syndrome by stating that the magistrate judge's "report errs in

relying upon the SA RFC when it is unfavorable to the claimant but rejecting it when it is unfavorable" (Objections at 5). One assumes that plaintiff's counsel intended to use the word "favorable" instead of "unfavorable" in the second instance, but the mistake highlights the fundamental flaw in the plaintiff's argument with regard to the ALJ's analysis of the plaintiff's carpal tunnel syndrome: that is, the ALJ's analysis identifies substantial evidence to support the conclusion that the plaintiff's carpal tunnel syndrome was relieved and that she retained the ability to perform medium work.

This Court rejects the plaintiff's argument that the ALJ failed to consider a July 29, 2003 electromyography ("EMG") which indicated that the plaintiff suffered from moderate to severe right carpal tunnel syndrome at that time (R. at 502). In the opinion, the ALJ specifically mentions the July 29, 2003 EMG. He goes on to state:

> Consequently, the claimant underwent another carpal tunnel release on September 15, 2003. Her surgeon noted that the claimant had previously underwent a right carpal tunnel release six to eight months earlier with good relief until recently, when her symptoms returned that were confirmed by the EMG. The surgeon reported finding scar tissue that compressed the nerve, which was released with no other intervening compression sites. There were no complications.

(R. at 28). Clearly, the ALJ considered the EMG reports as well as several releases the result of which demonstrated that the plaintiff's carpal tunnel syndrome was sufficiently alleviated.

Similarly, there is no merit in the plaintiff's argument that the "ALJ erroneously found that the 2/03 CT release lasted 6-8 months." In fact, the September 15, 2003 release occurred seven months after the February 2003 release. Moreover, the ALJ relies on the surgeon's notes that the previous release had lasted six to eight months (R. at 28).

In addition, this Court finds no error in the magistrate judge's statements addressing the Social Security Administration ("SSA") employee who signed the SSA-3441 form. The magistrate judge is required to consider whether the ALJ's decision is supported by substantial evidence. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "In reviewing for substantial evidence, [the reviewing court does] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Id. at 589. Where the magistrate judge mentions in his report additional evidence in the record supporting the ALJ's opinion, the magistrate judge is not guilty of applying a post-hoc rationale as contemplated by SEC v. Chenery Corp. Rather, the magistrate judge is simply noting that the substantial evidence relied upon by the ALJ is not inconsistent with other evidence in the record.

In this vein, this Court also rejects the plaintiff's contention that the ALJ "erroneously relied upon Sella's indication that her ROM and grip were normal." Even if Dr. Sella's opinion

was erroneous, which this Court does not believe to be the case in light of the record, neither this Court nor the magistrate judge is authorized to "reweigh conflicting evidence" or substitute its judgment for that of the ALJ. Craig at 589.

C. Assessment of Dr. Brown

Plaintiff argues that the magistrate judge erroneously rejected the opinion of the Social Security evaluator, Dr. Hugh M. Brown.[1] As the magistrate judge notes, while the ALJ must consider the opinions of state agency consultants as evidence, he is "not bound by any findings made by state agency medical or psychological consultants, or other programs physicians or psychologists." 20 C.F.R. § 416.927(f)(2)(i). Here, the ALJ specifically noted that he was not accepting medical findings or opinions based primarily on the plaintiff's subjective complaints (R. at 25). The ALJ made this decision after carefully evaluating (over the course of five detailed paragraphs) inconsistencies between the plaintiff's testimony and the record. Thus, Dr. Brown's opinion, which reduced the plaintiff's RFC to light because of her subjective complaints of fatigue, was rejected by the ALJ in favor of the opinion presented by the plaintiff's treating physician, who found the plaintiff retained the ability to perform medium work (R. at 26).

---

[1] The magistrate judge's report and recommendation referred to Dr. Brown as High M. Brown but, after reviewing the medical record, it is clear that Dr. Brown's name is Hugh M. Brown, M.D. (R. at 307).

9

Not only is the ALJ's decision carefully articulated and supported by substantial evidence from the record (R. at 26), but (as stated above) neither this Court nor the magistrate judge is authorized to "reweigh conflicting evidence" or substitute its judgment for that of the ALJ. Craig at 589. Accordingly, having found the ALJ was supported by substantial evidence in his decision to weigh the opinions of the treating physician over the opinions of Dr. Brown, this Court will not attempt to make further determinations.

D.  Consideration of Plaintiff's Psychological Evaluations

The plaintiff argues that the magistrate judge erred in his evaluation of evidence regarding the plaintiff's psychological condition, including misplaced reliance on reports by Steve Corder, M.D., and a failure to consider reports and GAFs done by other treating physicians (Objection at 5). This Court finds the plaintiff's objection to be without merit.

First, the ALJ discusses substantial evidence in the form of the claimant's own statements over the course of her therapy sessions beginning in June 4, 2002 and continuing through 2003. The ALJ devotes over two and a half pages of his opinion to a detailed analysis to the plaintiff's mental condition. In doing so, the ALJ considered many statements made by the plaintiff that she was socializing, that she swam and went to the park with friends, that she had renewed a romantic relationship and that depressive symptoms had decreased over time, suggesting a pattern

of improvement. The ALJ noted that on December 17, 2002, the plaintiff reported increased symptoms after she stopped her medications. The ALJ reasonably concluded that this episode suggesting that her medications were successfully treating her depression (R. at 30).

Second, the ALJ appropriately weighed reports by treating physicians. He carefully considered Dr. Corder's evaluations, which constitute the bulk of the available evaluative evidence on the plaintiff's mental state throughout her treatment history. While the plaintiff argues that the ALJ failed to consider evaluations by Dr. Siracusano, the opinion specifically considers and cites an evaluation by Dr. Siracusano. In particular, the ALJ notes that statements made by the plaintiff that formed Dr. Siracusano's opinion on June 11, 2002 were inconsistent and "somewhat manipulative" (R. at 25). Similarly, while the plaintiff argues that the ALJ improperly ignored a GAF of 50 reported by Dr. Reilly, the ALJ clearly considered Dr. Reilly's July 30, 2003 report in which objective observations indicated that the plaintiff had no more than moderate limitations and did not appear particularly withdrawn, angry or irritable (R. at 31). The ALJ's decision to discount the Beck Depression Inventory based on self-reported symptoms was also substantially justified in light of the ALJ's determination that the plaintiff was not entirely credible (See R. at 24).

Third, as the defendant accurately argues in its response to the plaintiff's objections, the SSA relies on clinical findings in narrative reports of physicians rather than the GAF scale in the SSI and DIB because the GAF does not have a direct correlation to the requirements of SSI or DIB. See 65 Fed. Reg. 50746, 507-65 (2000). This practice is entitled to the deferential standard of review articulated in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). See United Seniors Ass'n, Inc. v. Social Sec. Admin., 423 F.3d 397, 403-04 (4th Cir. 2005). Notwithstanding the SSA's general practice of discounting GAFs, the ALJ specifically explained his rationale for rejecting a GAF of 50 in light of narrative reports and objective evidence from the record (R. at 30-31).

Accordingly, this Court finds the ALJ properly considered GAFs and psychological evaluations in this case.

E.  Ms. Ice's Therapy Notes and Dr. Reilly's Report

As explained above, the ALJ found Dr. Reilly's Beck Depression Inventory to be based on subjective statements from the plaintiff. In a detailed analysis of inconsistencies in the plaintiff's testimony and symptom reporting, the ALJ presented substantial evidence justifying his decision to find the plaintiff not entirely credible. Moreover, the ALJ noted that the plaintiff's psychological problems did not begin until after the plaintiff had been denied disability on two prior occasions, indicating "a rather

12

typical pattern in piling on more impairments after each denial (R. at 24). Finally, as the magistrate judge correctly notes, the ALJ properly weighed the opinion of Dr. Corder, a treating physician whose opinion was supported by objective evidence, more favorably than Dr. Reilly, an examining physician who had less contact with the plaintiff. For the reasons stated above, this Court finds the ALJ's treatment of Dr. Reilly's report to be justified by substantial evidence in the record.

Turning to reports made by Ms. Ice, this Court finds the magistrate judge correctly notes that the ALJ specifically considered reports made by Ms. Ice (Report & Recommendation at 35; R. at 29-30). Notwithstanding Ms. Ice's reports, the ALJ's decision regarding the plaintiff's psychological abilities was supported by substantial evidence.

F.  <u>Panic Attacks</u>

The plaintiff argues that the panic attacks had "an effect" that the ALJ did not consider. The plaintiff then makes a statement that panic attacks can be linked to thyroid abnormalities, but gives no evidence from the record of any physician making this link with regard to the plaintiff. This Court rejects the plaintiff's argument with regard to panic attacks. The ALJ notes the plaintiff's panic attacks in his opinion, cites evidence indicating that her panic attacks had improved and articulates his rationale for finding the plaintiff

13

had moderate psychological limitations. Accordingly, this Court finds no error in the ALJ's treatment of the plaintiff's alleged panic attacks.

G.  Plaintiff's Credibility

The plaintiff objects to the ALJ's conclusion that the plaintiff is not entirely credible. This Court finds the plaintiff's objection to be without merit.

To begin, the ALJ's observations concerning questions of credibility must be given great weight. See Shively v. Heckler, 739 F.2d 987, 889 (4th Cir. 1984)(citing Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976)). Because hearing officers are in the best position to see and hear the witnesses and assess their forthrightness, a court should afford their credibility determinations special deference. See Nelson v. Apfel, 131 F.3d 1228, 1237 (7th Cir. 1997). Accordingly, this Court will reverse an ALJ's credibility determination only if the claimant can show it was 'patently wrong.'" Powers v. Apfel, 207 F.3d 431, 435 (7th Cir. 2000)(citing Herr v. Sullivan, 912 F.2d 178, 181 (7th Cir. 1990)).

As discussed above, the ALJ gave many specific reasons based on evidence from the record for finding the plaintiff's testimony to be not entirely credible. For example, the ALJ noted inconsistencies within the plaintiff's testimony, inconsistencies between her testimony and her earlier statements to psychologists

14

and treating physicians, and inconsistencies between her statements and objective medical evidence. Moreover, the ALJ noted the plaintiff's attempts to add additional ailments with each filing for disabilities.

This Court rejects the plaintiff's argument that the ALJ failed to follow the two-step process developed in <u>Craig v. Chater</u>, 76 F.3d 585 (4th Cir. 1996), and failed to apply <u>Craig</u> to each of the plaintiff's impairments. In reviewing the record and the ALJ's opinion, it is clear that the ALJ did "consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." (SSR 96-7P, ¶ 4.) The ALJ consistently compared the plaintiff's testimony to objective evidence from the record when he discussed her hepatitis C (R. at 28), her carpal tunnel syndrome (R. at 28-29), her medication (R. at 25), and her mental health (R. at 29-32). Accordingly, the ALJ's findings that the plaintiff is not entirely credible are supported by substantial evidence and thoroughly articulated throughout in the ALJ's opinion.

H. <u>Agency Opinion Limiting the Plaintiff to Light Work</u>

The plaintiff argues that the ALJ erred by rejecting a June 18, 2002 RFC by an agency physician indicating the plaintiff should

15

be limited to light work. The plaintiff argues that the ALJ should not have discounted the plaintiff's fatigue or hepatitis C in rejecting the June 18, 2002 opinion. Again, the plaintiff's objection is without merit.

To begin, the ALJ did not "reject" the June 18, 2002 opinion. Instead, the ALJ gave the assessment "little weight" (R. at 29). Moreover, the ALJ's determinations that the plaintiff's hepatitis C had been successfully treated was supported by substantial evidence as discussed by the ALJ (R. at 28). In particular, the ALJ relied on an August 16, 2002 report indicating that the hepatitis C virus RNA titer was negative and a January 2, 2003 statement made by the plaintiff to Dr. Sella that she had no symptoms from her hepatitis C. The plaintiff's January 2, 2003 statement was further supported by Dr. Boni's report to Dr. Lee on February 12, 2003 that the plaintiff's body had responded well to treatment. Finally, the ALJ noted that a later test showed negative results for hepatitis C (R. at 28).

This Court has already addressed the plaintiff's argument with regard to the ALJ's evaluation of the plaintiff's subjective testimony regarding fatigue, and found the ALJ's evaluation to be supported by substantial evidence.

Finally, the ALJ considered the June 18, 2002 RFC, but determined that a January 15, 2003 RFC was more reliable. Because the ALJ explained why he found the June 18, 2002 RFC to be less

16

reliable, as stated above, this Court rejects the plaintiff's objection.

I. "Non Severe" Impairments

Plaintiff argues that the ALJ erroneously found the plaintiff's migraines, seizures and back impairments to be not severe. Again, the plaintiff's objection is without merit. Where the plaintiff's migraines were reported at all, they were reported by physicians as under control (see e.g. R. at 534). The ALJ discussed in detail objective evidence from the record that supported a finding that the plaintiff's migraines were not severe (R. at 23). Similarly, the ALJ specifically addressed the lack of substantial and consistent evidence supporting the plaintiff's claims of severe seizure impairment (R. at 23). Rather, as the ALJ notes, the record shows that the plaintiff had a normal brain CT and a normal EEG and carotid flow study.

Moving to the plaintiff's arguments regarding nausea, this Court finds the ALJ did not "waive" a discussion of nausea. Instead, the ALJ considered the plaintiff's complaint of "daily nausea for over two years" and found the complaint to be unlikely in light of the objective medical evidence. In particular, the ALJ noted no abnormal clinical signs that would suggest such frequent nausea (R. at 27).

Finally, the plaintiff simply states "back pain" at the end of this objection. It is difficult to discern the plaintiff's

17

argument here, but this Court notes that the ALJ does address the plaintiff's complaints of back pain, noting that lumbar x-rays showed intact vertebrae and intervertebral spacing, that consultative physical examination on January 2, 2003 found no limitations in the range of motion and that Dr. Lee's treatment records and Dr. Zyznewsky's physical examinations "reported essentially no clinical signs of any back impairment" (R. at 24).

Accordingly, the ALJ's treatment of these impairments is supported by substantial evidence.

J.   Mention of Medical Treatment Without Mentioning Such Treatment in the Analysis Section

The plaintiff argues that the ALJ mentions medical treatments in the wrong section of his opinion.  This Court finds the order and style of the opinion to be without error.  More importantly, as stated above, this Court finds the ALJ properly considered medical treatments and that his analysis of such treatments is supported by substantial evidence from the record.

K.   No Weight to the Cross-Examination of the Vocational Expert

This Court rejects the plaintiff's argument that the ALJ did not give enough weight to the cross-examination of the VE.  As the defendant notes in its response, the ALJ's RFC was based upon substantial evidence and his hypothetical questions were consistent with the plaintiff's limitations.  The ALJ explained why he rejected certain limitations implied by the questions used in

18

cross-examining the VE.  Accordingly, this Court finds that the weight given by the ALJ to the cross-examination was appropriate.

## V. Conclusion

After reviewing the magistrate judge's findings, this Court agrees that the ALJ's decision was supported by substantial evidence, that the plaintiff's objections are without merit, that the defendant's motion for summary judgment should be granted, and that the plaintiff's motion for summary judgment should be denied. This Court concludes that there are no remaining genuine issues of material fact for this Court to consider.

For the reasons stated above, this Court ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, it is ORDERED that the summary judgment motion of the defendant be GRANTED and the plaintiff's motion for summary judgment be DENIED.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     March 27, 2006

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE